## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JIE DU, individually and on behalf of a class of similarly situated individuals, *Plaintiff,* v. ALTERRA MOUNTAIN COMPANY U.S. INC., a Delaware Corporation, and IKON PASS INC., a Delaware Corporation *Defendants*. | Case No.: **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Jie Du ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, bring this Class Action Complaint against Defendants Alterra Mountain Company U.S. Inc., a Delaware Corporation ("Alterra"), and Ikon Pass Inc., a Delaware Corporation ("Ikon") (collectively, "Defendants"), for their negligent, reckless, and/or intentional practice of effectively canceling Plaintiff's and Class Members' ski and snowboard passes without issuing any refund. Plaintiff seeks both injunctive and monetary relief on behalf of the proposed Class (defined below), including relief requiring Defendants to refund Plaintiff and Class Members for the unused portions of their passes. Plaintiff alleges the following upon personal knowledge as well as investigation by their counsel and as to all other matters, upon information and belief.

## NATURE OF THE CASE

1. This is a nationwide class action brought by Plaintiff on behalf of himself and all Class Members who purchased an Ikon Pass[1].

---

[1] Ikon Pass is defined as any of the following season passes for the 2019-2020 season that have unused days remaining after March 15, 2020: season passes to any of Defendants' resorts, Ikon

1

2. Defendants sell hundreds of thousands of their popular Ikon Passes throughout the country, many of which cost hundreds of dollars or as much as a thousand dollars. In March of 2020 and in the face of the spreading COVID-19 pandemic, Defendants closed all their ski resorts. Likewise, the other resorts that were included in the Ikon Passes were also closed in or around March of 2020. These widescale closures of ski and snowboard resorts have resulted in an effective cancellation of Defendants' Ikon Passes, leaving Plaintiff and Class Members unable to use their passes for the remainder of the season.

3. Unfortunately for Plaintiff and Class Members, Defendants have refused to refund to customers any of the monies paid for the Ikon Passes, including the portion of the Ikon Passes that Plaintiff and Class Members are no longer able to use. By Defendants' failure to refund the unused portions of their Ikon Passes, Defendants have shifted their financial burden caused by COVID-19 to their customers— consumers who are even more vulnerable and need whatever resources are available to provide for themselves and their families.

4. Not only is Defendants' conduct immoral and unfair— it is illegal. Defendants' sale of their Ikon Passes to consumers and failure to issue any refund despite the passes being effectively canceled gives rise to Plaintiff's and Class Members' claims for breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing to consumers, conversion, breach of warranty, and violations of the Colorado Consumer Protection Act. Plaintiff seeks for himself and Class Members monetary and injunctive relief compensating consumers on a pro-rata basis for the unused portions of their Ikon Passes.

---

Passes, Ikon Base Passes, Ikon Base Passes Plus, and Ikon Session Passes (collectively, "Ikon Passes").

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over all causes of action asserted herein under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and more than two-thirds of the Class reside in states other than the states in which Defendants are citizens and in which this case is filed, and therefore any exemptions to jurisdiction under 28 U.S.C. §1332(d) do not apply. This Court has supplemental jurisdiction over the related state-law claims under 28 U.S.C. §1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because many of the acts and transactions giving rise to this action occurred in this district, Defendants conduct substantial business in this district, Defendants are headquartered in this district, Defendants are subject to personal jurisdiction in this district, and Defendants have intentionally availed themselves of the laws and markets of this district.

## PARTIES

7. Plaintiff Jie Du is, and at all times relevant hereto has been, a citizen of the state of California, Los Angeles County. Plaintiff Du purchased the Ikon Pass on April 23, 2019 for $919.00. Plaintiff Du's Ikon Pass was for the 2019-2020 ski season, granting him unlimited access to 15 different ski areas, and additional limited access to other participating ski areas and discounts on food, retail, and lessons at select locations. Plaintiff Du purchased his Ikon Pass because it provided access to a wide variety of locations over the entire 2019 and 2020 seasons. Prior to the suspension and closure of Defendants' ski areas, Plaintiff used his pass several times during the 2019 season and the beginning of 2020 but was unable to use his Ikon Pass after March 15, 2020. Defendants have not refunded Plaintiff Du the unused portion of his Ikon Pass after they closed all of their ski areas, rendering the pass unusable. Had Plaintiff Du known that he would not have

3

been able to use his pass throughout the 2019 and 2020 seasons, he would not have purchased his Ikon Pass.

8. Defendant Alterra Mountain Company Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3501 Wazee Street, #400, Denver, Colorado 80216. Defendant Alterra operates ski areas across the country, including fifteen different ski areas across North America, including: Big Bear Mountain, June Mountain, Mammoth Mountain, and Squaw Valley Alpine Meadows in California; Steamboat and Winter Park in Colorado; Deer Valley and Solitude in Utah; Stratton and Sugarbush Resort in Vermont; Crystal Mountain in Washington; and Snowshoe Mountain in West Virginia. Alterra also operates two resorts in Canada, Blue Mountain and Tremblant and CMH Heli-Skiing & Summer Adventures in British Columbia.

9. Defendant Ikon Pass Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business also located at 3501 Wazee Street, #400, Denver, Colorado 80216. Upon information and belief, Defendant Alterra wholly owns, operates, and/or controls Defendant Ikon Pass. Defendant Ikon Pass acts as an alter ego of Defendant Alterra, and Defendant Alterra sells its Ikon Passes in conjunction with Defendant Ikon Pass.

## FACTUAL ALLEGATIONS

**Defendants' Obligations and their Ikon Passes**

10. Defendants sell a variety of different passes which obligate them to provide various forms of access to a number of ski and snowboard resorts for the 2019-2020 ski and snowboard seasons. The passes sold by Defendants that are at issue in this complaint are:

   a. The Ikon Pass, which allows individuals the most access and no blackout dates at 41 unique destinations worldwide. This pass also permits unlimited access

4

to 15 different ski areas, and additional limited access to other participating ski areas and discounts on food, retail, and lessons at select locations;

b. The Ikon Base Pass, which is more affordable but with additional limitations. The Ikon Base Pass still permits unlimited access to 14 of Defendants' ski areas, with blackout dates and restricted access to certain ski areas;

c. The Ikon Base Pass Plus, which provides the same features, benefits, and access as the Ikon Base Pass as well as five days of access to both Jackson Hole and Aspen Snow Mass;

d. The Ikon Session Pass, which provides access to 30 select number of ski areas on four different days. Passholders can select the specific ski areas and days to use the Ikon Session pass with a few blackout dates during which they cannot use the pass; and

e. Any other season passes that permit purchasers unlimited access to a single ski area for the entire season.

11. Defendants sells these passes through ikonpass.com. When Plaintiff purchased the Ikon Pass, he formed a contract with both Defendant Alterra and Defendant Ikon Pass Inc. Specifically, Defendants operated in conjunction with each other as a single entity. When individuals purchased Ikon Passes they formed a contract with Defendants, and the Terms of Use on ikonpass.com link users to alterramtnco.com, a website owned and operated by Alterra.

12. Defendants sell their Ikon Pass for approximately $999, their Ikon Base Pass for approximately $699, their Ikon Base Pass Plus for approximately $849, and their Ikon Session Pass 4-day for approximately $399. Further, Defendants have sold more than 250,000 Ikon Passes by April 2019.

13. Plaintiff and Class Members purchase these Ikon Passes specifically because they provide wide access to an array of Defendants' ski resorts and because the Ikon Passes provide frequent, flexible, and sustained use of the resorts for most of the year and for the entire ski and snowboard season. Each ski and snowboard season typically begins in October and can last through June. Plaintiff and Class Members benefit from the Ikon Passes because they receive a discount for the increased and usually unlimited access to the ski areas when compared to having to buy individual lift tickets each time they visit a ski area.

14. Plaintiff's and Class Members' expectations and benefits in purchasing their Ikon Passes were effectively the same regardless of which of the Ikon Passes they purchased, and all have been treated similarly by Defendants and have suffered the same type of harm from Defendants' actions— the inability to use their expensive ski passes as promised.

**Defendants' COVID-19 Shutdown**

15. On March 11, 2020, the World Health Organization reclassified COVID-19 as a worldwide pandemic and, two days later, the President declared a "National Emergency."

16. On March 11, 2020, in response to the COVID-19 pandemic, Jared Polis, Governor of Colorado, issued Executive Order D 2020 003, which declared COVID-19 a disaster emergency. On March 14, 2020, Governor Polis issued Executive Order D 2020 004, which directed all downhill ski resorts in the State of Colorado to suspend operations from March 15-22, 2020. On March 18, 2020, Governor Polis issued Executive Order D 2020 006, which ordered all downhill ski resorts to suspend operations from March 23-April 6, 2020, which was later extended to April 30, 2020. On March 25, 2020, Governor Polis issued Executive Order D 2020 017, which ordered all residents of Colorado to stay at home. Spread of the disease has reportedly been linked to ski resorts around the country, including those in Colorado.

6

17.     As a result of this COVID-19 pandemic, Defendants issued on March 14, 2015 the Alterra Mountain Company Closure Announcement, which announced the closure of all fifteen of Defendants' ski resorts beginning the following day, March 15, 2020. Likewise, other ski areas accessible with the Ikon Passes closed around the same time.

18.     While Defendants have offered refunds or credits to customers with hotel or other bookings, they have steadfastly refused to issue a refund to customers for the unused portions of their Ikon Passes. In an effort to recoup their losses and obtain what they were promised, many Class Members have made claims under insurance policies issued by Defendants, which have also been denied.

19.     Simultaneously with their refusal to issue any refund for the unused portions of the Ikon Passes, Defendants have refused access to or use of their shuttered ski areas for the duration of the 2019-2020 season.

20.     Instead of a refund, Defendants have increased the renewal discount from $100 to $200 for the 2020-2021 ski season. The additional $100 of renewal discount is woefully insufficient to compensate Plaintiff because it is only a fraction of the unused value on their Ikon Passes, because it is a credit rather than cash, and because receipt of the credit requires advancing another large sum of payment of Defendants.

21.     Nor does any of Defendants' contractual language or disclaimers allow them to keep money attributable to the remainder of the 2019-2020 ski season when they close its ski areas during the season, completely preventing Plaintiff and Class Members from using their passes.

22. For example, nothing in Defendants' Terms of Use excuses them from refunding Plaintiff and Class Members when Defendants prevent the promised unlimited access to their ski areas. Defendants' Terms of Use[2].

23. Acknowledging the unfairness of their closures without a refund, Defendants have instituted an "Adventure Assurance" program that allows holders of Ikon Passes for the 2020-21 season to defer the passes until the 2021-22 season, if they elect to do so between September 10, 2020 and December 10, 2020. Further, Defendants have included "Added Assurance Due to Possible COVID-19 Closures," for the upcoming 2021-2022 season, which provides that "should any eligible Ikon Pass destination close due to COVID-19 between December 10, 2020 and April 11, 2021, Ikon Pass holders will receive a proportional credit towards any 2021-2022 Ikon Pass. Skiers may also roll the purchase price of unused 2020-2021 passes over to the 2021-2022 season.

24. All of this this underscores the inherent wrongfulness of Defendants' efforts to escape liability for loss or damage cause by their closure of their ski areas, preventing Plaintiff and Class Members from being able to use the Ikon Passes, without providing any refund whatsoever for the unused portion of the passes. Any attempt by Defendants to limit or disclaim liability for preventing passholders from using the Season Passes or Ikon Passes, while retaining the fees that passholders paid to purchase the Season Passes or Ikon Passes, is unconscionable and unenforceable, and unjustly enriches Defendants.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action individually and on behalf of the following Classes pursuant to Rule 23of the Federal Rules of Civil Procedure:

---

[2] Terms of Use, Version Date: February 2020, *available at* https://www.alterramtnco.com/terms-of-use/ (last accessed June 5, 2020).

>All persons in the United States who purchased any Ikon Pass that had unused days after March 15, 2020.

26. Excluded from the Classes are the Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

27. This action is brought and may be properly maintained as a class action. There is a well-defined community of interests in this litigation and the members of the Class are easily ascertainable.

28. The members of the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the members of the Class in a single action will provide substantial benefits to the parties and Court.

29. Questions of law and fact common to Plaintiff and the Class include, but are not limited to, the following:

>a. Whether Defendants are required to provide partial refunds to Plaintiff and Class members who purchased Ikon Passes;
>
>b. Whether Defendants breached their contracts with Plaintiff and Class members;
>
>c. Whether Defendants were unjustly enriched by their conduct;
>
>d. Whether Defendants breached their implied and express warranties; and
>
>e. Whether Defendants violated the Colorado Consumer Fraud Act

30. Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Individual questions, if any, are not prevalent in comparison to the numerous questions that dominate this action.

31. Plaintiff's claims are typical of those of the members of the Class in that they are

based on the same underlying facts, events, and circumstances relating to Defendants' conduct.

32. Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interest incompatible with the interests of the Class, and has retained counsel competent and experienced in class action, consumer protection, and false advertising litigation.

33. Class treatment is superior to other options for resolution of the controversy because the relief sought for each member of the Class is small such that, absent representative litigation, it would be infeasible for members of the Class to redress the wrongs done to them.

34. Questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

35. As a result of the foregoing, class treatment is appropriate.

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Contract and Implied Covenant of Good Faith and Fair Dealing

36. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

37. Plaintiff and the Class entered into a contract with Defendants when purchasing Season Passes or Ikon Passes.

38. The contract was offered by Defendants and was formed at the time Plaintiff and the Class accepted it by purchasing their Season Pass or Ikon Passes.

39. Plaintiff and the Class performed their obligations under the contract by providing payment in consideration for the Season Pass or Ikon Passes.

40. Defendants breached their contracts with Plaintiff and the Class by retaining the consideration received by Plaintiff and the Class while closing their ski resorts, making the Season Passes and Ikon Passes useless for a substantial portion of the ski season.

41.     Defendants' decision to retain the fees paid by Plaintiff and the Class without providing them with what was promised deprived Plaintiff and the Class of the benefit of their bargain.

42.     Due to the closure of Defendants' ski areas for a substantial portion of the 2019-20 season, Defendants are unable to perform the remainder of the contract. Defendants' closure of all of their ski areas for the remainder of the 2019-20 ski season, while a substantial portion of the ski season remained, renders Defendants' representations that it will not provide refunds for Season Passes or Ikon Passes illusory and void.

43.     For all of these reasons, Defendants acted in bad faith and/or with a malicious motive to deny Plaintiff and the Class Members the benefit of the bargain originally intended by the parties, thereby constituting a breach of their implied covenant of good faith and fair dealing, which is implied into every contract in Colorado.

44.     As a direct and proximate result of Defendants' breach of their contract of Defendants' implied covenants, Plaintiff and the Class have suffered monetary damages.

45.     Plaintiff and the Class seek the return of amounts paid to Defendants for their Ikon Passes, as well as attorneys' fees, costs, and interest.

## COUNT II
### Conversion

46.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

47.     Plaintiff and the Class purchased Ikon Passes that granted them the right to services that were promised in exchange for the purchase price of the passes.

48.     Defendants intentionally interfered with Plaintiff' and the Class' rights granted through those passes when Defendants closed all of their ski areas and retained the purchase price

11

of the passes.

49. Defendants exercised control over Plaintiff's and Class members' property by closing its ski areas and refusing to issue partial refunds for the unusable portion of the 2019-20 Season Passes and Ikon Passes, and the rights granted by those passes.

50. Defendants' closure of their ski areas and refusal to refund the unusable portion of the 2019-20 Ikon Passes to Plaintiff and Class members is unauthorized.

51. Plaintiff and Class members have, through the filing of this lawsuit or otherwise communicating with Defendant, demanded that Defendants issue refunds for the unusable portion of the 2019-20 Ikon Passes.

52. Defendants have uniformly and consistently refused to issue refunds for the unusable portion of the 2019-20 Ikon Passes.

53. Plaintiff and the Class seek a partial return of the price paid to Defendants for their Ikon Passes.

## COUNT III
### Breach of Warranty

54. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

55. Defendants created an express warranty through their advertising statements that the Ikon Passes would provide "unlimited access" to their resorts through the 2019-2020 season.

56. This warranty became part of the basis of the bargain between Plaintiff and the Class and Defendants. Plaintiff and the Class relied on this warranty in deciding to purchase a pass from Defendants.

12

57. Defendants breached this warranty by failing to provide unlimited access to their ski areas throughout the 2020 ski season and by failing to issue partial refunds to Plaintiff and the Class after shutting down access to their facilities.

58. Plaintiff and the Class would not have purchased the Ikon Passes, or would have paid substantially less, had Defendants disclosed that it would not honor the warranty and not refund Plaintiff and Class members any portion of the purchase price for the passes.

59. Plaintiff and the Class performed their obligations under the warranty, including paying in full for their passes.

60. Plaintiff and the Class were injured as a direct and proximate result of Defendants' breach of warranty.

## COUNT IV
### Violations of the Colorado Consumer Protection Act

61. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

62. Colorado's Consumer Protection Act (the "CCPA") prohibits a person from engaging in a "deceptive trade practice," which includes "advertis[ing] goods, services, or property with intent not to sell them as advertised." Colo. Rev. Stat. § 6-1-105(1)(g), (i).

63. Defendants both are a "person" within the meaning of Colo. Rev. Stat. § 6-1-102(6).

64. In the course of Defendants' business, they advertised that the purchasers of their Ikon Passes would have unlimited access to skiing and snowboarding until the end of the 2019-20 season, which typically lasts until May or June. Defendants knew, however, that if they closed all of their resorts before the end of June 2020 that they would retain 100% of the revenue generated from sales of the passes.

13

65. Defendants' actions as set forth above occurred in the conduct of trade or commerce.

66. Defendants' actions proximately caused injuries to Plaintiff and Class members.

67. Plaintiff and Class members have suffered an injury in fact, including the loss of money or property, as a result of Defendants' unfair, unlawful, and/or deceptive practices. In purchasing their passes, Plaintiff and the other Class members relied on the misrepresentations and/or omissions of Defendants with respect to their ability to access Defendants' ski areas without restriction. Had Plaintiff and the other Class members known this, they would not have purchased their passes and/or paid as much for them. Accordingly, Plaintiff and the other Class members overpaid for their passes and did not receive the benefit of their bargain.

68. Plaintiff does not seek certification under Federal Rule of Civil Procedure 23(b)(3) for Defendants' violation of the CCPA, instead Plaintiff seeks certification under Rule 23(b)(2)—seeking declaratory relief—and Rule 23(c)(4) regarding the issue of whether Defendants' conduct alleged herein violates the CCPA.

69. Plaintiff's and the Class Members' injuries are the direct and natural consequence of Defendants' misrepresentations and omissions.

## COUNT V
### Unjust Enrichment

70. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

71. Plaintiff and the Class conferred a direct benefit on Defendants by purchasing Ikon Passes.

72. Defendants knowingly and willingly accepted and enjoyed the benefits conferred on them by Plaintiff and the Class.

73. Defendants' retention of these benefits is unjust and inequitable under the circumstances.

74. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the Class are entitled to recover the amount each paid to Defendants for their Season Passes, as well as attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for judgment against the Defendants as to each and every count, including:

A. An order declaring this action to be a proper class action, appointing Plaintiff and his counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

B. An order awarding actual damages to Plaintiff and the Class and returning to Plaintiff and the Class the portion of each Ikon Pass that was unused;

C. An injunctive order compelling Defendants to issue refunds for the unused portion of any Ikon Pass to any member of the Class who requests such a refund;

D. An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past conduct;

E. An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or a violation of Colorado law, plus pre- and post-judgement interest thereon;

F. An order requiring Defendants to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

G. An order requiring Defendants to pay all actual and statutory damages permitted

15

under the counts alleged herein;

      H.      An order requiring Defendants to pay punitive damages on any count so allowable;

      I.      An order awarding attorney fees and costs, including the costs or pre-suit investigation, to Plaintiff and the Classes; and

      J.      An order for all other such equitable relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of her peers on all issues so triable.

Respectfully submitted,

Dated: June 11, 2020

By: */s/ Katrina Carroll*
Katrina Carroll
kcarroll@carlsonlynch.com
Nicholas R. Lange
nlange@carlsonlynch.com
**CARLSON LYNCH LLP**
111 West Washington Street, Suite 1240
Chicago, Illinois 60602
Telephone: (312) 750-1265

*Counsel for Plaintiff and the Putative Class*